1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and<br>MARILYN COLLINS, Revenue<br>Officer, Internal Revenue Service, | )<br>)<br>) | 1:09-cv-00961-AWI-GSA |
| Petitioners, | )<br>) | **ORDER DISCHARGING ORDER TO**<br>**SHOW CAUSE  (Doc. 5)** |
| v. | )<br>) | **FINDINGS AND RECOMMENDATIONS** |
| SHERI I. PROVOST, | )<br>) | **REGARDING PETITION TO ENFORCE**<br>**IRS SUMMONS (Doc. 1)** |
| Respondent.<br>_____ | )<br>) | |

Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS) to Respondent.

After various continuances were granted in order to permit ultimately unsuccessful efforts to obtain voluntary compliance with the summons, the petition came on regularly for hearing on November 13, 2009, at 9:30 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.  Jeffrey James Lodge appeared on behalf of Petitioners, and Sheri Provost appeared on her own behalf.

The Court has reviewed the petition, all supporting papers, and all papers submitted by Respondent. After argument, the matter was submitted to the Court for preparation of findings and recommendations.

*Discharging Order to Show Cause*

Respondent having appeared pursuant to the order to show cause, it IS ORDERED that the order to show cause BE DISCHARGED.

*Petition to Enforce IRS Summons*

**A.    Background**

Agent Collins declared that as a duly commissioned revenue officer employed by the IRS, she was authorized to issue the IRS summons pursuant to 26 U.S.C. § 7602; she did so in the course of conducting an investigation of the tax liabilities of Respondent's spouse, Andre Paul Provost, Jr.,[1] for the tax years 1995 through 1997. Collins declared that she believed from her knowledge of financial practices that Respondent had knowledge that could aid in carrying out the investigation. Collins issued an IRS summons on August 12, 2008, directing Respondent to appear before her on September 17, 2008, to provide testimony and documents relating to the investigation. (Decl. ¶¶ 4-8.) She left an attested copy of the summons at Respondent's usual place of abode on August 13, 2008. (*Id*. ¶ 8.)

An order to show cause issued on June 11, 2009, and was served on Respondent on July 1, 2009; it directed Respondent to appear and to file a written response. Respondent filed papers, but they were returned as not recognizable or proper legal filings by order dated July 14, 2009. (Doc. 6.)  The matter was initially continued at the request of both parties; in September, Respondent filed motions to abate the proceedings to permit settlement and a notice in which she stated that she previously failed to respond due to a misunderstanding of her duties, and she indicated a desire to settle the matter. (Docs. 11-12.)  Petitioners asked for a further continuance until the end of October in order to meet with Respondent to obtain voluntary compliance with the summons. (Doc. 13.)  This Court issued an Order Regarding Parties' Request for

---

[1] A related matter naming Andre Paul Provost, Jr., is pending before Magistrate Judge Sandra M. Snyder and District Judge Oliver W. Wanger, case number 09-956.

Continuance, permitting the parties another opportunity to meet and confer, and continuing the hearing to November 13, 2009, at 9:30 a.m. Respondent was to make herself available within forty-five day of the date of the order to attend a meeting with Petitioners to discuss potential settlement. (Doc. 14.)

Respondent filed a Notice and Declaration of Revocation of Power of Attorney (Docs. 16 & 17) on October 26, 2009.

### B. *The Merits of the Petition*

At the hearing, Petitioners stated that although a meeting had taken place, Respondent had refused to answer questions or turn over any documents; thus, Petitioners were not anticipating settlement, and they requested enforcement of the summons. Respondent requested forgiveness and asked to settle the case.

In light of the previously unsuccessful meeting concerning voluntary compliance, and in order to ensure that Petitioners are not deprived of the relief to which they have established that they are entitled, the Court considers the merits of the petition.

The IRS is authorized to examine papers or data which may be relevant or material in determining the correctness of a tax return or the liability of any person for any internal revenue tax. 26 U.S.C. § 7602(a)(1). It has the authority to issue summonses for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir.1999).

To defeat a motion to quash, or in order to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Crystal v. United States*, 172 F.3d at 1143-44. The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met. *United States v. Abrahams*, 905 F.2d

1276, 1280 (9th Cir. 1990); *Liberty Financial Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985).  Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process (*Abrahams*, 905 F.2d at 1280; *Liberty Financial*, 778 F.2d at 1392), or the lack of institutional good faith (*Anaya v. United States*, 815 F.2d1373, 1377 (10th Cir. 1987)). *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The summons to Respondent Sheri I. Provost summoned her to appear before Officer Collins, to give testimony, and to bring with her and to produce for examination papers and other data relating to the tax liability, collection thereof, or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning Andre Paul Provost, Jr., Respondent's spouse, for the calendar years ending December 31, 1995 through December 31, 1997, including verification of relationship to Andre Paul Provost, Jr., last six bank statements for all accounts, and verification of home ownership and the source of purchase money. (Decl. Ex. A.)

Collins declared that Respondent did not appear on September 17, 2008, and she failed to provide testimony and documents as required by the summons.  Respondent's failure to comply continues, and the information sought by the summons is not already in the possession of the IRS.  (Decl. ¶¶ 5-7.)  Further, all administrative steps required by the IRS had been undertaken, and no criminal referral to the Department of Justice was in effect with respect to Respondent's tax liability for the subject years. (*Id*. ¶¶ 8-9.)

Petitioners have shown that Respondent has received the required notice.  Petitioners have established that the summons was issued for a legitimate purpose and seeks information relevant to the purpose that is not already within the IRS's possession; further, it is demonstrated that all of the administrative steps required by the Internal Revenue Code have been satisfied. A prima facie case has been made. *United States v. Dynavac, Inc.*, 6 F.3d at 1414.

Respondent has not submitted any evidence of bad faith or improper purpose.

The Court finds that Respondent has not established any basis to deny enforcement of the IRS summons.

The Court concludes that enforcement of the summons should be ordered.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it IS RECOMMENDED that:

1. Petitioners' petition to enforce the IRS summons BE GRANTED; and

2. Respondent Sheri I. Provost BE ORDERED to appear before Revenue Officer Collins on January 13, 2010, at 10:00 a.m., at the United States Attorney's Office at 2500 Tulare Street, Suite 4401, in Fresno, California, 93721, to provide testimony, and to bring with her and produce for examination documents in obedience to the summons that issued on August 12, 2008.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) *court* days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 16, 2009**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

5